# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>KAREEM PIRES, )<br>)<br>*Defendant.* ) | No.  24 CR 59-2<br><br>Hon. John J. McConnell, Jr. |

### KAREEM PIRES'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

Kareem Pires, by and through his undersigned attorney, respectfully submits this response to the Court's order to show cause why Counts 2, 4, and 5 should not be severed from Counts 1 and 4. Dkt. 58.  As discussed below, severing the defendants is the only way to properly ensure Mr. Pires's constitutionally guaranteed rights to a fair trial are preserved.

Trying Mr. Pires and Melton together on Counts 1 and 4 addresses neither the constitutional concerns at stake nor meaningfully mitigates the inevitable undue prejudice. This is not a routine conspiracy prosecution of overlapping facts or clear parallel involvement.  This Court is right that the "risk of prejudice" trying Mr. Pries with Melton on these charges together poses a "is real." Dkt. 58.  But severing the counts alone is not enough.  Certainly, at this point Mr. Pires can only speculate what evidence the government will use in its case-in-chief. But based on review of discovery and conversation with the government it is almost certain that certain evidence presented at trial against Melton – particularly conversations between Melton and

the CW – will contain reference to both conspiracies. Even setting *Bruton* aside, which we cannot, "the real" prejudice will be alive and well even if counts are severed.

This anticipated spillover effect of the evidence against Melton is not theoretical, it is inevitable. No limiting instruction can unring the bell once jurors are exposed to evidence of Melton's communications with the cooperating witness, and this remains true even if Mr. Pires were to be tried jointly with him only on Counts 1 and 4. For Melton, the charged conspiracies had the same alleged purpose and are thus intertwined in such a way that severing counts does not make sense, especially if goal is to protect Mr. Pire's rights. Without full severance, a fair and constitutional trial for Mr. Pires is unattainable.

The fact that the two counts may share a common "nucleus of facts" and "involve the same witnesses" does not justify a joint trial, especially where such overlap results in introducing prejudicial evidence against one defendant that would otherwise be inadmissible. Dkt. 58. Here, the CW is not only the sole evidentiary connections between the counts and the defendants, but also the very source of the *Bruton* violation Mr. Pires seeks to avoid through severance. Though the Counts 1 and 4 stem from a single alleged conspiracy involving both defendants, both sets of charges rest almost entirely on Melton's separate communications with the cooperating witness — communications in which Mr. Pires had no part. That is the crux of not only the *Bruton* concerns, but "the real" "risk of prejudice" that is seemingly unavoidable.

That alone means that jurors will have to sift through prejudicial evidence they should never have heard. And it is not enough to speculate that Mr. Pires' Sixth Amendment right to confrontation will be satisfied simply because Melton *might* choose to testify at a joint trial. If that were sufficient, *Bruton* would have no force. Severance only by counts falls far short of constitutional requirements, denying Mr. Pires the ability to cross-examine or meaningfully rebut the primary evidence used against him.  And allowing them to be tried together even on some counts puts Mr. Pires in a difficult position of having to address the conspiracy to murder federal prosecutors even if the charges sent to the jury are limited to Counts 1 and 4.

Nor can this Court's rationale that a joint trial on the two counts provides the factfinder with a "fuller" understanding of the alleged conspiracy justify that result. The desire for a more cohesive prosecutorial narrative cannot override Mr. Pires's rights. To the extent factual overlap exists, it remains clear that Melton's alleged conduct materially differs from Mr. Pires's, in both scope and substance. This distinction further undercuts the notion that joinder should be used to provide the jury with a so-called fuller account. To the contrary, forcing Mr. Pires to defend himself against a single narrative built on out-of-court statements and conduct attributable solely to either Melton or the cooperating witness risks misleading the jury, not enlightening it. *See United States v. Green*, 324 F.Supp.2d 311, 327 (D. Mass. 2004) (granting full severance due to "substantial concerns about the ability of the jury to keep the role of each defendant separate and distinct").

Concerns about inconsistent verdicts, likewise, do not weigh the scales against severance of defendants. A court's analysis must turn on the principles of fundamental fairness rather than speculation regarding how verdicts might align. Inconsistent outcomes, quite frankly, are a natural feature of our adversarial system, and can occur even in joint trials. Jurors can, and often do, evaluate evidence differently for co-defendants, particularly when the strength, scope, or admissibility of that evidence varies. A joint trial does nothing to mitigate the risk that prejudicial, inadmissible evidence will spill across defendants and blur those critical distinctions. *See United States v. Bravo-Fernandez*, 249 F.Supp.3d 598, 602 (D.P.R. 2017) (explaining the risk of "spillover" when inadmissible evidence against one defendant is introduced against another). Hypothetical fears about verdict uniformity cannot outweigh the constitutional imperative that each defendant's guilt is assessed solely on admissible evidence and impartial evaluation.

And while efficiency is a legitimate interest, it cannot come at the expense of a defendant's rights at trial. Constitutional protections have never automatically yielded to administrative convenience. *United States v. O'Bryant*, 998 F.2d 21, 26 (1st Cir. 1993) (explaining the "delicate balance" between "fending off prejudice" and "husbanding judicial resources"). When efficiency conflicts with the basic requirements of fairness, fairness must prevail. *See United States v. El Naddaf*, 662 F. Supp. 3d 108, 131 (D. Mass. 2023) (recognizing "the general concern that all accused persons be treated according to decent and fair procedure") (quoting *Barker v. Wingo*, 407 U.S. 514, 519 (1972)). Such concerns merit no meaningful weight when

doing so produces a joint trial that invites inadmissible evidence, impairs confrontation rights, and impedes the jury's ability to assess guilt based solely on properly admitted evidence.

Indeed, while joint trials can promote efficiency, severing by only counts would have the opposite effect. It would require two proceedings involving Mr. Melton, with overlapping witnesses, repeated evidence, and unnecessary logistical duplication. Not to mention the government's ability to bring in evidence of the other conspiracy under Federal Rule of Evidence 404(b) (*e.g., common* purpose. Motivation, plan, intent). Severing the individuals, however, offers a more practical and equitable solution. Not only would it allow the government to proceed against Mr. Melton on all five of his counts in a single, streamlined trial, but also conserve resources and eliminate the risk of irrelevant and prejudicial evidence seeping into the case against Mr. Pires.

At the same time, doing so would protect Mr. Pires's right to be tried solely on evidence properly admitted against him. Separate trials also eliminate the need for complex limiting instruction, which courts routinely give but just as often acknowledge are difficult for jurors to apply in practice. In the same vein, a court's personal preference for trying co-defendants together, no matter how strongly held, should play no role in the severance analysis where that preference risks compromising the fairness and integrity of the proceeding. In the end, by severing either counts or defendants, this Court will have to oversee two trial. If that is the case, the answer should be geared towards protecting the rights of the individual

5

asking for severance that this Court has already acknowledged presents a "real" "risk of prejudice."

Severing Mr. Pires's trial by Counts 1 and 4, rather than fully from his co-defendant Melton, fails to resolve the underlying constitutional problems and only compounds them. When the government's case against one defendant hinges on a co-defendant's out-of-court statements and unrelated conduct, any purported benefit of a joint trial comes at too high a cost. Shared facts, overlapping witnesses, narrative cohesion, resource conservation, and judicial preferences are not constitutional principles. The rights to confrontation and a fair trial are. When those rights hang in balance, severing the defendants is not just appropriate, it is constitutionally required. A district court should exercise its discretion to grant full severance when a defendant demonstrates either a serious threat to a specific trial right or a substantial likelihood that the jury cannot return a reliable verdict. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Mr. Pires has shown both. Here, severance is the only path forward that adequately preserves the integrity of the proceedings and protects his constitutional guarantees.

Respectfully submitted,

s/ Vadim A. Glozman
*Attorney for Kareem Pires*

GLOZMAN LAW
53 W. Jackson Blvd., Suite 1150
Chicago, IL 60604
(3 12) 726-9015
vg@glozmanlaw.com

6

                                       s/ Brett V. Beaubien
                                       *Local Counsel for Kareem Pires*

                                       LAW OFFICE OF BRETT V. BEAUBIEN
                                       One Turks Head Pl., Suite 1440
                                       Providence, RI 02903
                                       (401) 427-4280
                                       brett@bvdefense.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 7, 2025, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: all Attorneys of record.

                                                             s/ Vadim A. Glozman